LACHMAN et al. v. PEOPLE.

(Supreme Court, Special Term, Kings County.   December 7, 1909.)

1. CONSTITUTIONAL LAW (§ 46*)—DETERMINATION OF CONSTITUTIONAL QUESTIONS—EX PARTE PROCEEDINGS.

The court, on an ex parte application, under Real Property Law (Consol. Laws, c. 50) § 385, for an order directing an action to register title, must assume that the law is constitutional.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 43–45;  Dec. Dig. § 46.*]

2. RECORDS. (§ 9*)—REGISTRATION OF TITLE TO LAND—APPLICATION.

The court, on an ex parte application, under Real Property Law (Consol. Laws, c. 50) § 385, for an order directing an action to register title, must examine the complaint, and the examiner's certificate of title, required by section 434, so that it may be satisfied that the papers conform to the statute, and that there is at least prima facie proof that plaintiff has title.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

3. RECORDS (§ 9*)—REGISTRATION OF TITLE TO LAND—APPLICATION.

Where the complaint and examiner's certificate, on an application under Real Property Law (Consol. Laws, c. 50) § 385, for an order directing an action to register title, do not comply with sections 379, 380, the application will be denied.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

4. RECORDS (§ 9*)—REGISTRATION OF TITLE TO LAND—APPLICATION—ORDER OF PUBLICATION.

The order of publication in an action to register title should be a separate order from the order authorizing the action, under Real Property Law (Consol. Laws, c. 50) § 385.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

5. RECORDS (§ 9*)—REGISTRATION OF TITLE TO LAND—APPLICATION—EXAMINER'S CERTIFICATE.

A statement of a legal conclusion by the examiner giving a certificate of title cannot be accepted by the court, on an application under Real Property Law (Consol. Laws, c. 50) § 385, for an order directing an action to register title, unless the facts are before the court by abstract or statements.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Application by Abraham Lachman and another against the People of the State of New York for an order directing an action to register title.    Denied.

See, also, 127 N. Y. Supp. 910.

David Senft, for plaintiffs.
John F. Clarke, Dist. Atty., for the People.

KELLY, J.    This is an application by the plaintiffs, under section 385 of the real property law (Consol. Laws, c. 50), for an order directing that the action to register the title to certain premises in the borough of Brooklyn be commenced by the issuance and service of the summons.

So far as I can ascertain, this is the first application made under this law, which is generally referred to as the "Torrens system" of registration of titles, and the court is without precedent to assist it in interpreting the act of the Legislature.  The registration of titles is a radical departure from the methods pursued heretofore, and at least some of the provisions of the act, providing new courts, and limitations upon the powers and duties of justices of this court, appear to me to be open to grave criticism.  The proceeding at this stage is ex parte, and I must assume that the act is constitutional, and endeavor to ascertain the intention of the Legislature and carry it out as far as practicable.

The most cursory examinations of the papers upon this application shows such a disregard of the law in so many particulars, not only in the complaint (the summons is omitted altogether), but in the examiner's certificate of title required by section 434, that it appears useless to begin to point out errors, omissions, and discrepancies which raise the gravest apprehension that the "official examiner," upon whose certificate a decree of the Supreme Court is sought certifying a title to real estate in the city of New York, conclusive "upon the state of New York and all persons in the world" (vide section 391 of the law), utterly fails to appreciate the meaning and importance of the act or its obvious requirements.    I take it that upon an application of this kind, under section 385, for an order directing the commencement of an action to register a title, there is a duty imposed upon the court at the outset to examine the complaint and certificate, so that it may be satisfied that the papers conform to the statute, and that there is at least prima facie proof that the plaintiff has title.    The time and labor involved in this examination, if the system of registering titles comes into general use, is certainly a matter for consideration.    It seems to me that it may mean the examination of the title by the justice at the Special Term, if the Supreme Court is to certify ex parte that it is satisfied that the plaintiff has a title which should be registered.

Whether the Legislature ever intended that the official examiner of titles should also act as attorney for the plaintiff in a suit to register the title upon his own certificate is open to question.    The weight to be attached to the certificate is considerably lessened, when the counsel upon whose search as an "official examiner" the court is to rely

127 N.Y.S.—58

is the retained attorney and counsel for the plaintiff. This is not the practice in other states, where a similar law is in force. In other jurisdictions the official examiner is a disinterested lawyer, occupying a position similar to a master in chancery or referee. In the case at the bar, the official examiner is the attorney for the plaintiff, and is, of course, interested in securing for his client·the decree of the court prayed for. It would appear that the practice to be followed in these cases should be considered by the justices of the court throughout the state as soon as may be, so that some uniform rule may be adopted, and confusing differences avoided, because, in the matter of examining titles, there are many systems and methods in use, and varying degrees of particularity of search and statement required in abstracts, and it seems to me that rules must be established by the court to meet this new condition of things.

Passing to the papers submitted to me upon this application:

1. No proposed summons is submitted.

2. The law (Real Property Law, § 379, subd. "b") requires the plaintiff Jacob Lachman, who is unmarried, to state whether he has been married, and, if so, how and when the marriage relation terminated, etc. There is no such allegation.

3. Annie Lachman, wife of 'plaintiff Abraham Lachman, has an inchoate right of dower in one-half of the premises. She is a necessary party to the action, but is not made a party.

4. The allegations in the complaint as to the defendants, describing them, etc., are entirely insufficient. The complaint, under the statute, must be complete and intelligible. Deeds and individuals are mentioned, without describing them in any way. These defects appear in paragraphs 4, 5, 6, and 7. The allegation of inability to ascertain the address of defendants does not follow the language of the statute.

5. The designation of all other possible owners and claimants, etc., in the title of the action and in the complaint, does not follow the statute. Sections 379 and 380.

6. Paragraph 12 of the complaint does not comply with the statute. Subdivision "e". It does not name or sufficiently describe the examiner or surveyor.

7. The verification of the examiner's certificate of title does not comply with the statute.

8. The verification of the survey does not follow the language of the statute. The survey itself does not designate the property with sufficient definiteness.

9. The examiner certifies to "the title in the premises herein sought to be registered," instead of "herein described in this certificate," as required by the statute.

10. Word "incumbrances" is omitted from paragraph 2 of the certificate.

11. The so-called chain of title is simply a statement of the attorney's conclusions. None of the descriptions contained in the deeds are given; nothing upon which the court can base any judgment.

12. The certificate is full of inaccuracies, mistakes in spelling, grammar, and the like, which I have noted, and which are indefeasible in a matter of this kind.

13. There are omissions of entire paragraphs in the certificate, required by the law.

14. The order asked for does not follow the language of the statute.

15. I think the order of publication, where necessary, should be a separate order from the original authorization to commence the action.

I have indicated some of the more glaring errors and omissions. How full an abstract should be presented to the court; whether documents should be abstracted at length; how far the court can take the statement of the "official examiner," who is also attorney for the plaintiff, as evidence, if at all—these are all matters to be decided when a proper set of papers is presented. I am very sure that a statement of a legal conclusion by the examiner cannot be accepted by the court, unless the facts are before the court by abstract or statements of some kind. To hold otherwise would cast serious doubt upon the constitutionalty of the measure.

The application is denied, with leave to renew on proper papers.